# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

No. 24-3124

FIRST CHOICE WOMEN'S RESOURCE CENTERS, INC.,
*Plaintiff-Appellant*,

v.

MATTHEW PLATKIN, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL FOR THE STATE OF NEW JERSEY
*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY (No. 23-cv-23076 (MAS))

## RESPONSE IN OPPOSITION TO MOTION FOR EXPEDITED BRIEFING

    MATTHEW J. PLATKIN
     *Attorney General of New Jersey*

    JEREMY M. FEIGENBAUM
     *Solicitor General*

    DAVID LEIT
     *Assistant Attorney General*

    MEGHAN K. MUSSO
    *Deputy Attorney General*

    Office of the New Jersey Attorney General
    R.J. Hughes Justice Complex
    25 Market Street, P.O. Box 080
    Trenton, NJ 08625-0080
    (862) 350-5800
    Meghan.Musso@law.njoag.gov

    *Attorneys for Defendant-Appellee*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii
PRELIMINARY STATEMENT .............................................................................. 1
BACKGROUND ...................................................................................................... 3
STATEMENT OF RELATED MOTIONS ............................................................ 10
ARGUMENT .......................................................................................................... 10
CONCLUSION ....................................................................................................... 15
COMBINED CERTIFICATIONS .......................................................................... 16

# TABLE OF AUTHORITIES

**Cases**                                                                         **Page(s)**

In re Addonizio, 248 A.2d 531, 542 (N.J. 1968) ............................................................. 3

Platkin v. Smith & Wesson Sales Co.,
    289 A.3d 481 (N.J. Super. Ct. App. Div. 2023) ................................................. 7

Younger v. Harris,
    401 U.S. 37 (1971) ............................................................................................ 14

**State Statutes**

N.J. Admin. Code § 13:35-6.10(c), -(d), -(g)(4) ....................................................... 3

N.J. Stat. Ann. § 45:17A-32(a), -(c)(3), -(c)(7) ........................................................ 3

N.J. Stat. Ann. § 56:8-2(CFA) (West) ...................................................................... 3

N.J. Stat. Ann. § 56:8-3(CFA) (West) ...................................................................... 3

N.J. Stat. Ann. §§ 45:1-18.2, -21 (West) .................................................................. 3

N.J. Stat. Ann. § 45:1-18 .......................................................................................... 3

N.J. Stat. Ann. § 45:17A-33(c) ................................................................................. 3

**Rules**

3d Cir. L.A.R. 4.1 ................................................................................................... 10

## **PRELIMINARY STATEMENT**

In this year-long dispute over a single state subpoena, Appellant, First Choice Women's Resource Centers, Inc., has filed its second motion to expedite and its third motion for an injunction pending appeal before this Court. As it did for its previous motions, the Court should deny Appellant's motion to expedite this appeal.

After the State conducted a preliminary investigation that revealed concerns that Appellant may have engaged in conduct that misleads the public and otherwise violates state statutes and regulations, the State issued a subpoena on November 15, 2023 ("Subpoena"). Appellant moved to quash the Subpoena in state trial court, raising a bevy of constitutional and other defenses. That court considered and rejected its objections on May 28, 2024, ordering Appellant to "respond fully" to the state Subpoena. *See* DNJ.Dkt.41-3.[1] Appellant failed to do so, and the State moved before the state trial court to enforce its May 28, 2024, decree. Appellant lodged a series of objections to the State's request for enforcement of the court order, and the trial court scheduled oral argument for November 19, 2024—with a decision to issue by December 2. To prevent the state court from considering whether to enforce its own order, Appellant asked the federal district court to grant a preliminary injunction

---

[1] This brief cites to the underlying District of New Jersey docket as "DNJ.Dkt.," to the prior appeal in this matter, Third Circuit Docket No. 24-1111, as "CA3.Dkt.," to this appeal, Third Circuit Docket No. 24-3124, as "Dkt.," and to Appellant's moving brief in support of expedition, Dkt. 6, as "FCBr."

1

against any further enforcement of the Subpoena. The district court denied that request—just as the district court had dismissed Appellant's prior challenge to this very Subpoena.

This Court should deny Appellant's request to expedite this appeal for at least three reasons. First, Appellant's motion to expedite lacks justification: it is the latest gambit in a year-long effort to avoid compliance with a state subpoena. A state trial court is already hearing Appellant's federal constitutional attacks on the Subpoena (for a second time)—and Appellant simply misstates the record when it claims that the trial court refused to consider them. Moreover, Appellant has been under an order from the state court to respond to the Subpoena for five months, yet never sought a stay from the New Jersey Appellate Division despite the alleged harm to Appellant. Because it has pursued and continues to pursue multiple avenues of recourse in the state courts, and has never sought expedited review there, its claims that this Court ought to expedite its appeal fall short. Second, Appellant's own proposed schedule is designed to set up a clash between state and federal courts: its hope is that this Court will grant a preliminary injunction to *prevent compliance* with a potential state court order, just weeks after that court issues it, again without sufficient cause. Finally, the proposed schedule is unworkable: Appellant's request that this Court adjudicate this appeal in 31 days is not reasonable for the parties or this Court, and

would require the State to submit merits briefing in 3 business days, which coincides with the Thanksgiving holiday. This Court should deny the motion to expedite.

## BACKGROUND

A. <u>The Investigation And Subpoena.</u>

The New Jersey Consumer Fraud Act ("CFA"), the Charitable Registration and Investigations Act ("CRIA"), and the Professions and Occupations law ("P&O law") empower the Attorney General to investigate whether an entity is engaged in an unlawful practice. *See* N.J. Stat. Ann. § 56:8-3 (CFA); § 45:17A-33(c) (CRIA); § 45:1-18 (P&O law). The statutes and implementing regulations define a number of unlawful practices. *See*, *e.g.*, N.J. Stat. Ann. § 56:8-2 (CFA) (deceptive and fraudulent commercial practices); N.J. Stat. Ann. § 45:17A-32(a), -(c)(3), -(c)(7) (CRIA) (incorporating the CFA and addressing certain deceptive and misleading statements or omissions by charities); N.J. Stat. Ann. § 45:1-18.2, -21 (P&O law) (unlicensed practice of medicine, deceptive and misleading practices and other professional misconduct); N.J. Admin. Code § 13:35-6.10(c), -(d), -(g)(4).

In light of widespread concerns about crisis pregnancy centers engaging in deceptive practices, the Attorney General and the New Jersey Division of Consumer Affairs (the "Division") (collectively the "State")—which are "charged with seeing that [its] statute[s] are obeyed" and are vested with power to "inquire to be assured of compliance," *In re Addonizio*, 248 A.2d 531, 542 (N.J. 1968)—initiated an

3

investigation under the CFA, the CRIA, and the P&O laws. Early investigatory steps revealed Appellant may be violating the law under these statutes and regulations.

Initially, the State grew concerned that Appellant may be misleading a subset of its potential donors. *See* DNJ.Dkt.44-1, Certification of Angela Cai ("Cai Cert.") Ex. 1 ("Turner Cert."), ¶¶ 4-10. Its site for donors, https://1stchoicefriends.org, says that Appellant has a pro-life mission to "protect the unborn," Turner Cert. Ex. 2 at AG181-82, including on its donation-solicitation and volunteer application pages. *See id.* at AG175-82. But Appellant maintains other websites, https://1stchoice.org and https://firstchoicewomancenter.com, that omit references to its operations, even though these websites too have donation pages. Turner Cert. Ex. 1 at AG023-26.

Moreover, the State became concerned about whether certain individuals are performing diagnostic sonograms and purporting to assess gestational age, viability, and ectopic pregnancies without the requisite qualifications and licensure. *Compare, e.g.*, Turner Cert. ¶¶ 5-7 (representation that Appellant's services are overseen by a physician) *and id.* Ex. 3 at AG226 (representation that Appellant purports to diagnose ectopic pregnancies and determine fetal viability) *with id.* Ex. 1 at AG056, AG059 (pages of its website stating that it is "not an obstetrical medical practice" and "does not use ultrasound to . . . diagnose abnormalities"). And the State became concerned that Appellant is making numerous medical statements that may be misleading or untrue. *Compare* Turner Cert. Ex. 3 at AG249 (claiming "a pre-

4

abortion ultrasound is generally required before you take the abortion pill"), *with* U.S. Food & Drug Admin., FDA Label at 17 (Mar. 2016) ("FDA Label"), https://tinyurl.com/2vndx5k3 (noting ultrasound as an option, but not indicating this is generally required). And the investigation also revealed concerns about Appellant's patient-privacy practices. *See* Cai Cert. Ex. 6 at 7-9.

To determine whether Appellant violated state law, the State issued the instant Subpoena on November 15, 2023. *See* Turner Cert. Ex. 4 at AG280-303. The Subpoena set a December 15, 2023, deadline for response. *Id.* at AG280. Rather than respond, two days before the deadline, Appellant filed this suit. DNJ.Dkt.13, 12. Since then, Appellant's attempts to evade subpoena compliance have been rejected by multiple state and federal courts.

B. <u>Procedural History</u>.

    1.    *Dismissal of This Action and the Prior Appeal To This Court.*

On January 12, 2024, the federal district court dismissed this case, finding Appellant's claims unripe, and denied Appellant's TRO and PI motion as moot. DNJ.Dkt.28 (opinion), 29 (order). This Court denied an injunction pending appeal on February 15, 2024. CA3.Dkt.20. The Supreme Court denied Appellant's petition for writ of mandamus to require this Court to exercise jurisdiction. *See In re First Choice Women's Res. Centers, Inc.*, No. 23-941, ___ S.Ct. ____, 2024 WL 2116515 (Mem.) (May 13, 2024). In the interim, this Court denied Appellant's request for

5

expedited consideration of its appeal, noting that Appellant did not "promptly file a motion to expedite" and had failed to inform the Court that it was "simultaneously pursuing extraordinary relief from the Supreme Court and representing to that Court that expedited treatment is not necessary." CA3.Dkt.29 (reminding Appellant of the duty of candor all counsel have to this Court).

### 2. *The State Court Holds The Subpoena Is Enforceable.*

Meanwhile, the State moved to enforce the Subpoena in New Jersey Superior Court on January 30, 2024. Cai Cert. Ex. 5, Ex. D; Cai Cert Ex. 8. Appellant cross-moved to stay or quash the Subpoena on April 1, 2024, Cai Cert Ex. 5, Ex. E, and the parties briefed the very same constitutional arguments that Appellant raised in this action, *see id.*; Cai Cert. Exs. 6, 8, 9. On May 28, after reviewing extensive briefing and hearing three hours of argument on May 20, *see* DNJ.Dkt.41-11 (transcript of argument), the state trial court granted the State's application to enforce the Subpoena, denied Appellant's cross-motion to quash, and denied Appellant's motion for a stay pending appeal.[2] *See* DNJ.Dkt.41-4 ("Oral Ruling") at 16-17; 31-33.

As the state trial court explained, it found no "basis to deny the [State's] order to show cause and quash the subpoena." *Id.* at 6:21-23; 16:12-17:2. It rejected

---

[2] The court memorialized its rulings in a series of orders dated May 30 (denying stay pending appeal), June 6 (denying cross-motion to stay or quash), and June 18 (granting motion to enforce) ("June 18 Order"). Cai Cert. Ex. 2.

6

Appellant's view that the Subpoena resulted from "retaliation and bias on the State's part," as "speculation," *id.* at 10:5-18, and found it irrelevant that the Attorney General had taken public positions on reproductive healthcare issues, *see id.* at 10:5-11:17 (emphasizing "[p]ublic officials, including the Attorney General, frequently make statements of public concern" (quoting *Platkin v. Smith & Wesson Sales Co.*, 289 A.3d 481, 487 (N.J. Super. Ct. App. Div. 2023))). The court also rejected Appellant's "arguments which center on" the Subpoena's "scope"—including association and Fourth Amendment claims—since Appellant had never met with the State to discuss such issues. *Id.* at 11:18-12:10; *id.* at 28:16-29:15 (stating as part of its denial of a stay: "You're asking me to [declare the Subpoena] on its face, [to] be a constitutional violation of your client's rights and I've already decided that it isn't … .").

Additionally, as a "[f]urther" basis for rejecting Appellant's claims, *id.* at 12:11, the court concluded that merely requiring compliance with the Subpoena does not violate federal constitutional rights: "the Attorney General has not, at this very preliminary juncture of this matter, violated any statutory or constitutional tenets which would lead to a quashing of the subpoena at issue," *id.* at 16:12-18. The court therefore concluded that Appellant's "constitutional arguments are … premature" at the subpoena-enforcement stage. *Id.* at 12:11-13; 13:17-15:20. The state court also denied Appellant's motion for a stay pending appeal. *Id.* at 32:6-8; 33:5-24.

7

3. *The State Court Appeal and the Parties' State Court Motions.*

As a result of the May 28 ruling and June 18 Order, Appellant was under court order to respond fully to the Subpoena by July 18. Cai Cert. Ex. 2. In the nearly two months between the May 28 ruling and July 18 compliance deadline, Appellant did not seek a stay pending appeal or any other form of emergency relief from the New Jersey Appellate Division. Cai Cert. Ex. 3. Instead, on July 18, the very deadline for compliance with the state trial court's May 28 order, Appellant filed a motion for a protective order ("PO Motion") with the state trial court. *Id.* at Ex. 10. The next day, Appellant filed a notice of appeal with the Appellate Division, but again did not move for a stay. Cai Cert. Ex. 3.

On July 26, the State opposed Appellant's motion and cross-moved to enforce its litigants' rights ("Motion to Enforce June 18 Order") based on Appellant's failure to comply with the court order. *Id.* at Ex. 4. The state court held a hearing on these motions and found that it lacked jurisdiction to hear Appellant's PO Motion given the pending appeal to the Appellate Division, which divested the state trial court of the authority to take any actions other than to enforce compliance with the order on appeal. DNJ.Dkt.54-1 at 11:4-20. Despite jurisdiction to hear the State's pending enforcement motion, the state court held that motion in abeyance because it did not wish to consider enforcement unless it could also consider Appellant's objections to enforcement at the same time. *Id.* at 17:25-18:6; 19:4-20:7.

8

Case: 24-3124   Document: 11   Page: 12   Date Filed: 11/18/2024

The Appellate Division thus granted a limited remand on November 7, 2024, to allow the state trial court to consider these competing motions. DNJ.Dkt.65. The state court scheduled a hearing on the motions for November 19, with its decision expected on or before December 2. *See* DNJ.Dkt.65.

    4.    *This Court's Dismissal of the Prior Appeal and Appellant's Renewed TRO and PI Motion Before the District Court.*

After the May 28 state-court ruling, Appellant waited 18 days to file a motion for an injunction pending appeal in the prior appeal before this Court. CA3.Dkt.49, 49-1. The State responded with a motion to dismiss that appeal on June 14, in light of the subsequent state court developments, which it explained should be considered on remand for the first time. CA3.Dkt.50. On July 9, this Court dismissed the prior appeal as moot and remanded to the district court. CA3.Dkt.56-1. Ten days later, on July 19, Appellant filed a TRO/PI motion with the district court. DNJ.Dkt.41.

On November 12, the district court denied Appellant's TRO/PI motion and dismissed the action without prejudice. *See* DNJ.Dkt.66 at 41-42 ("DNJ Op."). Appellant filed a notice of appeal, Dkt.1, and an emergency motion for injunction pending appeal on November 13, DNJ.Dkt.69, which the district court denied. DNJ.Dkt.70. Appellant filed this motion on November 14, and an emergency motion for injunction pending appeal on November 15.

9

## STATEMENT OF RELATED MOTIONS

This motion is related to the following motions previously resolved by this Court in the prior appeal in this matter, 3d Cir. Dkt. No. 24-1111:

1. February 15, 2024 Order denying Appellant's emergency motion for an injunction pending appeal (*See* CA3.Dkt.6, 14, 20);

2. March 11, 2024 Order denying Appellant's motion to expedite (*See* CA3.Dkt.24, 27, 29);

3. July 9, 2024 Order denying Appellant's motion for injunction pending appeal, dismissing appeal as moot, and remanding matter to district court for further proceedings (*See* CA3.Dkt.49-1, 52, 55, 56-1).

## ARGUMENT

At least three reasons warrant denial of Appellant's motion to expedite. First, Appellant has not established "exceptional circumstances" that warrant expedition, as required by 3d Cir. L.A.R. 4.1, especially not for a rushed briefing schedule that provides the State with only three business days to file its brief. Second, Appellant's proposed schedule would create a clash between state and federal courts: Appellant assumes that a state court will rule against it, and asks that a competing federal order issue just weeks later to prevent compliance. Finally, Appellant's expedited briefing is not reasonable for the Court or the parties. And it would require the State to brief the merits of this long-running case in three business days during the Thanksgiving

holiday, despite the various procedural, substantive, and equitable arguments that have been raised in this dispute. Its request is unwarranted and unwise.

First, Appellant's proposed briefing schedule, which reduces the State's time to file a brief from 30 days to 3 business days, lacks any sufficient justification. Appellant claims that it will be irreparably harmed by a forthcoming December 2, 2024, state court order that it predicts will require Appellant to further comply with the November 15, 2023, Subpoena. As an initial matter, the district court specifically considered and rejected Appellant's claims of irreparable harm as being too speculative for the purposes of a preliminary injunction, *see* DNJ Op. at 35-38 (this claim of harm "devolves into speculation of harassment and the contemplated next steps of the investigation should the Subpoena be Enforced"), and the claims fare no better as part of its demand for an expedited appeal.

For another, Appellant paints a misleading picture of the state trial court's action. Appellant claims that the harm justifying an extraordinarily expedited schedule is that the state trial court will enforce the June 18 Order without even considering its constitutional arguments, but Judge Adubato *has* considered those arguments, *see* DNJ Op. 3-4 (acknowledging the trial court already "expressly stated that she considered [Appellant's] constitutional arguments), and the state trial court judge had specifically refused to consider further enforcement of her own order

unless and until she could fully consider Appellant's objections to it. *See supra* at 8 (noting state court's decision to defer ruling on enforcement).

Moreover, the state trial court already issued an order on June 18, 2024 requiring Appellant to comply with the November 15, 2023, Subpoena. Yet despite a state judicial order requiring compliance *five* months ago, Appellant has never moved for a stay pending appeal from the New Jersey Appellate Division. Nor has Appellant ever even sought for its state appeal to be expedited at all. There is simply no basis to rush this federal appeal to such an extraordinary degree when Appellant has not even availed itself of the state-law procedures for a stay—a procedural pathway that the state trial court had even confirmed Appellant was free to seek.

Second, Appellant's proposed expedited schedule is designed to set up a clash between state and federal courts that offends principles of comity between the state and federal courts. The state trial court will be issuing a rule on the enforcement of its own June 18, 2024, court order by December 2, 2024. Appellant does not seek a merits decision of this Court before that time. Instead, Appellant seeks to obtain a decision of this Court in "advance of a *potential subpoena compliance date*," FCBr.3 (emphasis added), that it believes the state trial court could issue in the future in the parallel state proceeding. That is yet another "extraordinary and novel maneuver." DNJ Op. at 26.

The very constitutional issues that Appellant seeks to place before this Court have simultaneously been the subject of state court proceedings for a year, at the trial court level and in the New Jersey Appellate Division. Appellant's efforts to continue litigating this dispute across five fora (a federal district court, this Court, the U.S. Supreme Court, a state trial court, and the New Jersey Appellate Division) will therefore only "frustrate action by a state agency" on a subpoena matter that was "set aside for initial consideration by a state tribunal … [with] the same power to adjudicate the constitutional claims before it, and all constitutional paths, state of federal, lead to the Supreme Court." DNJ Op. at 40-41. And asking this Court to set a schedule designed (if Appellant prevails) to generate an order from this Court that directly conflicts with a recent state court order requiring compliance with its own prior orders is an even more striking offense to comity. The answer to disagreement with a state trial court order is a state court appeal, not expedited federal briefing. In other words, such considerations weigh in favor of a full and measured review by this Court, not a proposed rush to competing injunctions.

Finally, Appellant's expedited briefing is not reasonable for the Court or the parties. It would require the State to brief the merits of this long-running case in 3 business days during the Thanksgiving period. It would also require this Court to consider and potentially resolve a panoply of complicated and interrelated issues on an extraordinary timeline. Among other things, because Appellant is appealing from

13

the district court's denial of its preliminary injunction (not just from the dismissal of its case), briefing may introduce questions of (1) ripeness; (2) abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971); (3) principles of preclusion; (4) the First Amendment; and (5) the remaining equitable factors. Moreover, as even Appellant emphasizes, the state court will be issuing a subsequent ruling in the parallel state-court proceedings by December 2, 2024—the very date that Appellant proposed as the deadline for the State's merits briefing in this Court. Appellant's pending motion to expedite would thus would require the Court to ultimately consider the impact of the forthcoming state court decision with merits briefing from Appellant alone—and with nothing more than a 28(j) letter from the State. That is reasonable neither to the Court nor the parties, and provides additional reason for its denial.

This Court should, therefore, reject Appellant's motion to expedite, and allow this appeal to proceed in the regular course. If this Court does decide to order some expedited treatment, however, the State would request that it receive 30 days to brief the merits of this appeal. The State, of course, has no opposition to Appellant filing its own briefs on an expedited basis. If Appellant files its brief by November 22, the State will file its responsive brief by December 23—which would allow the State to appropriately brief these various issues of ripeness, abstention, preclusion, the First Amendment, and the equities, and to address the impact of the subsequent December 2, 2024, state trial court order. The State takes no position on Appellant's request for

an expedited oral argument and/or the date of its ruling, which is entirely within the purview of the Court and its schedule.

## **CONCLUSION**

This Court should deny Appellant's motion for expedited briefing.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By:   */s/Meghan K. Musso*
      Meghan K. Musso

Dated: November 18, 2024

## COMBINED CERTIFICATIONS

I hereby certify that the following statements are true:

1. I am a member of the bar of this Court.

2. This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a) because it has been prepared in 14-point Times New Roman, prepared in a proportionally spaced font, and contains 3,443 words, according to the count of Microsoft Word.

3. On November 18, 2024, this brief was filed electronically with the Clerk of the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system. Counsel for all parties are registered CM/ECF users and will be served via CM/ECF.

4. This file was scanned using Crowdstrike Falcon and no virus was detected.

                By:    */s/Meghan K. Musso*
                        Meghan K. Musso

Dated:  November 18, 2024